**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| JUSTIN SLABY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | Civil No. 1:12-cv-1235 (AJT/IDD) |
| | ) | |
| ERIC H. HOLDER, JR., | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendant, Eric H. Holder Jr., by his undersigned counsel, respectfully requests that the Court use the following proposed jury instructions in charging the jury in this case. Alternatively, the defendant asks that this Court use in substance the principles of law set forth in these proposed instructions.

The instructions numbered 1 through 26 below are general instructions found in O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed. 2012), Volume 3, Part V, General Instructions for Federal Civil Cases.  Each general instruction is followed by the corresponding section number (e.g., § 101.00).

The instructions numbered 27 through 38, copies of which are submitted herewith, are specific instructions applicable to this case.

1

## GENERAL INSTRUCTIONS

**A.     General Preliminary Instructions at Beginning of Trial**

1.     Province of Court and Jury (§ 101.10)

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

2.     Evidence in the Case (§ 101.40)

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same

2

instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true, or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

3.      Judge's Questions to Witnesses (§ 101.30)

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

4.      Burden of Proof (§ 101.41)

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

5.      Direct and Circumstantial Evidence (§ 101.42)

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

6.      Credibility of Witnesses (§ 101.43)

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the

quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

### 7.    What is Not in Evidence (§ 101.44)

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

### 8.    Bench Conferences (§ 102.02)

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience. I will do what I can to limit the number and length of these conferences.

9.      Judge's Comments to Lawyer (§ 102.70)

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.


10.      Objections and Rulings (§ 102.71)

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's the duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.


B.      **Instruction Before Recess**

11.      Cautionary Instruction Before Court Recess (§ 102.01)

We are about to take our first recess [break]. I want to remind you of the instructions I gave earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the Court Security Officer to give to me.

**C.      General Instructions at Close of Evidence**

12.      General Introduction at End of Trial (§ 103.01)

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[*The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these*

7

*instructions, you must follow my instructions.]*

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.


13.   Evidence in the Case (§ 103.30)

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

*[I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, unless otherwise instructed you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.]*

Any evidence to which I have sustained an objection and evidence that I have ordered

8

stricken must be entirely disregarded.


    14.    <u>Court's Comments Not Evidence (§ 103.33)</u>

    The law permits me to comment on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.


    15.    <u>Questions Not Evidence (§ 103.34)</u>

    If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.


    16.    <u>Preponderance of the Evidence (§ 104.01)</u>

    Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

    "Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an

absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

17.     "If You Find" or "If You Decide" (§ 104.04)

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

18.     "Direct" and "Circumstantial Evidence" – Defined (§ 104.05)

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

19.     <u>"Inferences" – Defined (§ 104.20)</u>

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

20.     <u>Expert Witness (§ 104.40)</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

21.     <u>Discrepancies in Testimony (§ 105.01)</u>

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in

which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger

12

number of witnesses to the contrary.

22.     Impeachment - Inconsistent Statement or Conduct (§ 105.04)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

23.     All Available Witnesses or Evidence Need Not be Produced (§ 105.11)

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

24.     Duty to Deliberate (§ 106.01)

The verdict must represent the considered judgment of each of you. In order to return a

13

verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

25.     Effect of Instructions as to Damages (§ 106.02)

The fact I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

26.     Verdict Form – Jury's Responsibility (§ 106.07)

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

14

27.     <u>Communications Between Court and Jury During Jury's Deliberations (§ 106.08)</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## **SPECIFIC INSTRUCTIONS**

27.     Nature of Plaintiff's Claims - Discrimination in Employment

28.     Proper Party Defendant

29.     The Burden of Proof

30.     Proof of Intent

31.     Essential Elements of Plaintiff's Claim – Rehabilitation Act

32.     "Qualified Individual with a Disability"- Defined

33.     "Essential Function" - Defined

34.     "Reasonable Accommodation" – General Instruction

35.     "Direct Threat" Statutory Defense

36.     Damages - Compensatory Damages

37.     Damages - Nominal Damages

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27**

**Nature of Plaintiff's Claims - Discrimination in Employment**

As I instructed you at the beginning of this trial, the plaintiff has sued his employer, Eric

Holder, the Attorney General of the United States, or more specifically, the Federal Bureau of

Investigation (or "FBI").  The plaintiff has alleged that trainers at the New Agent Training

Program at the FBI Academy, removed him from training because of his disability even though

he was qualified to perform all the essential functions of the job.  The FBI denies that plaintiff

was discriminated against on the basis of his disability. Instead, the FBI contends that the

decision to remove the plaintiff from training was based on his inability to safely complete the

requirements of the New Agent Training Academy.

It is of course unlawful for an employer to intentionally discriminate against an employee

on the basis of a disability, and the fact that the plaintiff has a disability is not at issue in this

case. It is your responsibility to decide whether the plaintiff in this case has proven by a

preponderance of the evidence that the FBI subjected the plaintiff to discrimination based *solely*

on his disability. Plaintiff must prove that disability discrimination was the *only* reason the FBI

removed him from the Training Academy.  If Plaintiff only proves that disability discrimination

was one factor among others in the FBI's decision, you must find in favor of the Defendant.

---

Adapted from O'Malley, Grenig & Lee, § 171.01 (5th Ed. 2000)**;** O'Malley, Grenig &

Lee, § 170.01 (5th Ed. 2000).[1]

---

[1] Although it is settled that the sole causation standard applies to Rehabilitation Act claims
brought under 29 U.S.C. 794, the Fourth Circuit has commented that the applicability of the sole
causation standard to Rehabilitation Act claims brought under 29 U.S.C. 791 is not settled within
this Circuit.  *See Dank v. Shinseki*, 374 Fed. App'x 396, 399 (4th Cir.2010) (unpublished).
Plaintiff concedes, however, that at the very least the ADA's causation standard applies to his

case, *see* Dkt 244, at p. 10 n.23, and appellate courts are now holding that, in view of the Supreme Court's most recent statutory explications of federal anti-discrimination legislation, the sole causation standard applies to the ADA as well. *See Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012) (en banc). In other words, the sole causation standard applies to *all disability discrimination claims*, regardless of whether under the ADA or Rehabilitation Act. *See Serwatka v. Rockwell Automation, Inc.*, 591 F.3d 957, 961-62 (7th Cir. 2010). Accordingly, even if the ADA's standard applies (as plaintiff himself urges it should), the sole causation standard applies to his case.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28**

**Proper Party Defendant**

The federal anti-discrimination laws applicable here provide that Eric Holder, as the

Attorney General of the United States, is the proper party to be named as the defendant.  He is

named as the defendant only because he is the head of the U.S. Department of Justice, of which

the FBI is a component.  It is the FBI itself that is the real party in interest in this case.

_____

29 U.S.C. § 794a(a)(1); 42 U.S.C. § 2000e-16(c).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO.  29**

**The Burden of Proof**

The plaintiff has the burden of proving each and every element of his claim by a preponderance of the evidence.  If you find that the plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for the defendant.

_____

Adapted from O'Malley, Grenig & Lee, § 171.60 (5th Ed. 2000).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30**

**Proof of Intent**

The plaintiff must show that the Federal Bureau of Investigation intentionally discriminated against him.   However, the plaintiff is not required to produce direct evidence of intentional discrimination.  Intentional discrimination may be inferred from the existence of other facts.

_____

Adapted from O'Malley, Grenig & Lee, § 171.26 (5th Ed. 2000).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31

### Essential Elements of Plaintiff's Claim –Rehabilitation Act

As I have previously instructed, the plaintiff claims that the defendant removed him from the new agent training academy because of his disability.   In order for plaintiff to establish plaintiff's claim of unlawful discrimination by defendant, plaintiff has the burden of proving all the following essential elements by a preponderance of the evidence:

**First:** Plaintiff is a disabled person;

**Second:** Plaintiff is a person otherwise qualified;

**Third:** Defendant intentionally discriminated against plaintiff , that is, the fact that plaintiff was a qualified person with a disability was the sole factor in the defendant's decision to remove the plaintiff; and

**Fourth:** As a direct result of defendant's actions, plaintiff sustained damages.

_____

Adapted from O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed. 2012), Volume 3, Part VII, Instructions for Civil Actions Governed by Federal Law, § 172.20; *Doe v. University of Maryland Medical System Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32

### "Qualified Individual with a Disability" - Defined

The term "qualified individuals with a disability" means an individual with a disability who can perform the essential functions of the employment position for which plaintiff has applied. You should give consideration to, but are not bound by, defendant 's judgment as to what functions of a job are essential.

_____

O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed. 2012), Volume 3, Part VII, Instructions for Civil Actions Governed by Federal Law, § 172.31.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33**
**"Essential Function" - Defined**

The essential functions of a position are the fundamental job duties of that position. The term "essential functions" does not include the marginal functions of the position. A job duty or function may be considered essential because, among other things, one of the reasons the job exists is to perform that function; or because there are a limited number of employees available among whom the performance of that job function can be distributed; or because the function is highly specialized and the incumbent in the position was hired for his or her expertise or ability to perform that particular function. Evidence of whether a particular function is essential includes, but is not limited to, the employer's own judgment as to which functions are essential; the existence of written job descriptions prepared before advertising or interviewing applicants for the job; the amount of time spent on the job performing the function; the consequences of not requiring the incumbent to perform the function; the terms of a collective bargaining agreement, if applicable; the work experience of past incumbents in the job; and/or the current work experience of incumbents in similar jobs. If a function could arise in a foreseeable circumstance, the fact that it may be rarely be performed does not automatically mean it is not essential.

To the extent that Plaintiff contends that a particular function is not essential to the job, Plaintiff also bears the burden of proving that this function is not, in fact, essential.

———————————————————

Patton, Jr., *Jury Instructions for Employment Defense Litigators*, "Americans with Disabilities Act" (2007), *available at* Westlaw DRI-JIEMPDL 79; *Lusby v. Metro. Washington Airports Auth.*, 187 F.3d 630 (4th Cir. 1999).

24

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34
### "Reasonable Accommodation" – General Instruction

To "accommodate" a disability is to make some change that will let a person with a disability perform or be eligible for the job. To establish that a requested accommodation is reasonable, Plaintiff has the burden of showing that the accommodation is plausible or feasible. Once Plaintiff has made this showing, the employer may rebut it by showing that the requested accommodation will nevertheless impose an undue hardship.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions or schedules, but does not require Defendant to do any of the following:

1. Change or eliminate any essential functions of employment;

2. Shift an essential function of employment to other employees;

3.  Create a new position for Plaintiff;

4. Promote Plaintiff;

5. Reduce productivity standards; or

6. Make an accommodation that conflicts with an established neutral employment policy, unless Plaintiff proves, by a preponderance of the evidence, that "special circumstances" make an exception reasonable.

---

Patton, Jr., *Jury Instructions for Employment Defense Litigators*, "ADA" (2007), *available at* Westlaw DRI-JIEMPDL 79; *Hill v. Harper*, 6 F. Supp. 2d 540, 544 (E.D. Va. 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35**

**"Direct Threat" Statutory Defense**

Your verdict must be in favor of Defendant if it has been proved by the preponderance of the evidence that:

1. Defendant removed the Plaintiff from the training academy because Plaintiff posed a direct threat to the health or safety of Plaintiff and/or others in the workplace; and

2. Such direct threat could not be eliminated by reasonable accommodation.

A direct threat means a significant risk of substantial harm to the health or safety of the person or other persons that cannot be eliminated by reasonable accommodation. The determination that a direct threat exists must be based on an individualized assessment of Plaintiff's present ability to safely perform the essential functions of the job.

In determining whether a person poses a direct threat, you must consider: (1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that the potential harm will occur; and (4) the likely time before the potential harm occurs.

_____

Patton, Jr., *Jury Instructions for Employment Defense Litigators*, "Americans with Disabilities Act" (2007), *available at* Westlaw DRI-JIEMPDL 79.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36**

**Damages**

**Compensatory Damages**

If you find that the defendant discriminated against the plaintiff based upon his disability, then you must determine whether the plaintiff has proven that he is entitled to any compensatory damages for injuries that he has proven were caused by the defendant's allegedly wrongful conduct.  You may award damages for any pain, suffering or mental anguish that the plaintiff experienced as a consequence of the defendant's unlawful actions.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in light of the evidence presented at the trial.  You may not award any amount for lost wages or back pay.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess-work.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

---

Adapted from O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed. 2012), Volume 3, Part VII, Instructions for Civil Actions Governed by Federal Law, § 171.90.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37**

**Damages**

**Nominal Damages**

If you find in favor of the plaintiff, but find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of one dollar.

---

Adapted from O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* (6th Ed. 2012), Volume 3, Part VII, Instructions for Civil Actions Governed by Federal Law, § 171.93.

Wherefore, the Defendant respectfully requests that the Court adopt his proposed jury instructions.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:       _____/s_____
          KEVIN J. MIKOLASHEK
          Assistant United States Attorney
          Office of the United States Attorney
          Justin W. Williams U.S. Attorney's Building
          2100 Jamieson Avenue
          Alexandria, Virginia 22314
          Telephone: (703) 299-3809
          Facsimile: (703) 299-3983
          kevin.mikolashek@usdoj.gov
          *Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22d day of July, 2013, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing to:

Katherine L. Butler
Butler & Harris
1007 Heights Boulevard
Houston, TX 77008
Kathy@butlerharris.com

John Ates
Ates Law Firm
1800 Diagonal Road
Alexandria, Virginia 22314
j.ates@ateslaw.com

_____/s_____
KEVIN J. MIKOLASHEK
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Justin W. Williams United States
    Attorney's Building
2100 Jamieson Avenue
Alexandria, VA. 22314
Telephone:     (703) 299-3809
Fax:           (703) 299-3983
Kevin.mikolashek@usdoj.gov
*Counsel for the Defendant*