IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

_____

|  |  |  |
|---|---|---|
| | ) | |
| **JUSTIN SLABY** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:12-cv-01235 (AJT/IDD)** |
| **ERIC HIMPTON HOLDER, JR.** | ) | |
| **In his official capacity as Attorney General,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### Plaintiff's Trial Memorandum on Essential Functions

The plaintiff provides this Court with a legal memorandum regarding two important issues in this case that relate to the instructions that will be presented to the jury: (1) the allocation of the burden of proof to demonstrate what is an essential function of the job and (2) the focus of disability law on *functions and outcomes*, rather than the *manner* of performing a function.

### I.  Burden of Proof to Establish Essential Functions

While the plaintiff has the burden of showing the ability to perform the essential functions, it is the employer which bears the burden of proving which functions are indeed "essential."   Since the parties hotly dispute whether certain tasks are "essential," "marginal" or even performed in the real world, the burden of proving these tasks is on the Agency.

**A.     Cases Within the Fourth Circuit**

1. *Dahlman v. Tenenbaum*, 2011 WL 3511062 at *10 (D. Md. Aug. 9, 2011) ("While the plaintiff has the burden of showing that she is capable of performing the essential functions, the defendant 'should bear the burden of proving that a given job function is an essential function.' *Ward v. Mass. Health Research Inst., Inc.,* 209 F.3d 29, 35 (1st Cir. [2000]) (noting that the defendant "has better access to the relevant evidence" to meet this burden); *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1184 (6th Cir. 1996) ("if a disabled individual is challenging a particular job requirement as unessential, the employer will bear the burden of proving that the challenged criterion is necessary.").

2.   *Boitnott v. Corning Inc.,* 2010 WL 2465490 at *9 (W.D. Va. June 15, 2010) ("Nevertheless, the employer has the burden of showing that a particular job function is an essential function of the job.").

**B.     Fourth Circuit is in Accord with the Other Circuits**

1.   *Ward v. Massachusetts Health Research Institute, Inc.*, 209 F.3d 29, 35 (1st Cir. 2000) ("And the defendant, who has better access to the relevant evidence, should bear the burden of proving that a given job function is an essential function. *See Benson v. Northwest Airlines, Inc.,* 62 F.3d 1108, 1113 (8th Cir. 1995); *Monette v. EDS Corp.*, 90 F.3d 1173, 1182 n.8, 1184 (6th Cir. 1996) (discussing 42 U.S.C. § 12112(b)(6)); *cf. Stone v. City of Mount Vernon,* 118 F.3d 92, 99-100 (2d Cir. 1997) (reversing because there was insufficient evidence to support claimed essential function), *cert. denied*, 522 U.S. 1112,

118 S. Ct. 1044, 140 L.Ed.2d 109 (1998); *White,* 45 F.3d at 362 (examining employer's

evidence in support of position's essential functions)").

      2.  *Supinski v. United Parcel Service, Inc.*, 413 Fed. Appx. 536, 540 (3d Cir.

2011) ("Although the burden is on the plaintiff to show, as part of his prima facie case,

that he is a qualified individual, the employer "has the burden of showing a particular job

function is an essential function of the job." *Rehrs v. Iams Co.,* 486 F.3d 353, 356 (8th

Cir. 2007); *Ward v. Mass. Health Research Inst., Inc.,* 209 F.3d 29, 35 (1st Cir. 2000); *see

also* 29 C.F.R. pt. 1630, app. § 1630.2(n) (while 'the inquiry into essential functions is not

intended to second guess an employer's business judgment with regard to production

standards,' the employer 'will have to show that it actually imposes such requirements on

its employees in fact, and not simply on paper.')").

      3.  *Hoskins v. Oakland County Sheriff's Dep't*, 227 F.3d 719, 726 (6th Cir. 2000)

("Because Hoskins challenged this job criterion as unessential, the district court properly

placed the burden on the defendants to demonstrate that this criterion is in fact a

fundamental job duty.").

      4.  *Rehrs v. Iams Co.*, 486 F.3d 353, 356 (8th Cir. 2007) ("An employer has the

burden of showing a particular job function is an essential function of the job. *Benson v.

Northwest. Airlines, Inc.,* 62 F.3d 1108, 1113 (8th Cir. 1995).").

      5.  *Bates v. United Parcel Serv.., Inc.,* 511 F.3d 974, 991 (9th Cir. 2007) (en banc)

("Although the plaintiff bears the ultimate burden of persuading the fact finder that he can

perform the job's essential functions, we agree with the Eighth Circuit's approach that

"an employer who disputes the plaintiff's claim that he can perform the essential functions

must put forth evidence establishing those functions." *EEOC v. Wal–Mart,* 477 F.3d 561,

568 (8th Cir.2007). The genesis of this rule is the recognition that "much of the

information which determines those essential functions lies uniquely with the employer."

*Benson v. Nw. Airlines, Inc.,* 62 F.3d 1108, 1113 (8th Cir.1995)").

## II. Disability Law Focuses on Outcomes, Not Manner of Performance

In determining the essential functions of a job, disability law focuses on the

function to be accomplished, not the usual physical *manner* of accomplishing that goal.

Thus, in this case, the FBI determined 13 essential job skills regarding firearms, but not

the precise manner in which those tasks will be performed on the job. Tim Delaney, the

top decision maker who testified in this case, made the following admission: the training

division did not have the authority to add to the list of 247 essential functions published

by the FBI in order to comply with the Rehabilitation Act.

This issue, then, is not whether the Training Division decided to *train* Special

Agents in a particular way, but instead on whether the plaintiff could perform the job

tasks identified as essential.   The law, then, is not concerned with the manner of

performance by a person with a disability.   To the contrary, the law deals with ability to

do the task, not the manner of success.   The cases discussed below make this clear.

1.  *Skerski v. Time Warner Cable Co.,* 257 F.3d 273, 280–281 (3d Cir. 2001):

("Although "may climb poles" is listed as an aspect of one of Time Warner's essential functions, the failure of both job descriptions to list "climbing" under the heading "Essential Functions" suggests one could view climbing as a useful skill or method to perform the essential functions of the job but that it is not itself an essential function of the installer technician position.

The distinction was made by Congressman Fish when he introduced amendments to the ADA relating to the definition of a "qualified individual" and the reasonable accommodation requirement and which were incorporated into the ADA. In his comments, he stated:

> T]he essential function requirement focuses on the desired result rather than the means of accomplishing it. For example, in one case under the Rehabilitation Act, the employer required each employee to be able to perform the job with both arms. Prewitt v. U.S. Postal Service, 662 F.2d 292 (5th Cir.1981). The plaintiff was unable to do this because his disability resulted in limited mobility in his left arm. The court found that the essential function of the job was the ability to lift and carry mail which the employee had proven that he could do, not the ability to use both arms. Moreover, the court found that the employer was required to adapt the work environment to determine whether the employee with the disability could perform the essential requirements of the job with reasonable adaptations.").

2. *Zombeck v. Friendship Ridge*, 2011 WL 666200, at *8 (W.D. Pa. Feb. 14, 2011). ("Similarly, the job description at issue only identifies lifting as one of the physical requirements of the job and does not specifically designate it as an essential function. Just as in *Skerski*, the failure to include "lifting" under the "Essential Functions" heading of the description suggests that one could view lifting as a useful method to

perform the essential functions of the nurse aide position, but that it is not itself an essential function of the job.").

3. *E.E.O.C. v. Houston Area Sheet Metal Joint Apprenticeship Committee,* 2002 WL 1263893, at \*7 (S.D. Tex. May 31, 2002) ("The Court agrees that 'communication,' in some form, certainly qualifies as an essential function of the apprenticeship program. However, it is unclear at this juncture as to what method(s) of communication would suffice in these circumstances.").

4. *Gillen v. Fallon Ambulance Serv.,* 283 F.3d 11, 28 (1st Cir. 2002) (employer's list of "essential functions" was really a list of how employees traditionally performed the job, "which, while relevant, did not conclusively prove that two hands were required").

5. *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 216 (2d Cir. 2001) (essential function is making deposits, not driving to the bank).

6. *Canteen Corp. v. Pennsylvania Human Relations Com'n,* 814 A.2d 805, 814 (Pa. Commw.. Ct. 2003) (state law claim analyzed under federal precedent) ("… Weber's essential job functions did not include lifting and bending—these activities were only the means to an end.").

7. Technical Assistance Manual on the Employment Provisions (Title I) of the Americans with Disabilities Act § 2.3(a)(3)(b) (EEOC Jan. 1992), http://janweb.icdi.wvu.edu/links/ADAtam1.html:

> "In identifying an essential function to determine if an

individual with a disability is qualified, the employer should focus on the purpose of the function and the result to be accomplished, rather than the manner in which the function presently is performed. An individual with a disability may be qualified to perform the function if an accommodation would enable this person to perform the job in a different way, and the accommodation does not impose an undue hardship. Although it may be essential that a function be performed, frequently it is not essential that it be performed in a particular way.

For example: In a job requiring use of a computer, the essential function is the ability to access, input, and retrieve information from the computer. It is not "essential" that a person in this job enter information manually, or visually read the information on the computer screen. Adaptive devices or computer software can enable a person without arms or a person with impaired vision to perform the essential functions of the job.

Similarly, an essential function of a job on a loading dock may be to move heavy packages from the dock to a storage room, rather than to lift and carry packages from the dock to the storage room."

Defendant's construct, that it can engraft requirements regarding the manner of performance of the essential tasks, is one that is antithetical to the Act, which demands that individuals be judged on actual success in essential functions, not the employer's demands that they perform the task in a manner that the employer thinks is like other individuals who have no disability.

## Conclusion

Disability law both requires an employer to bear the burden of proving essential job functions and has at its core a demand that employers abandon preconceived notions

of ability, and instead requires employers to accept success in performance, even if the

manner of success is different from those who have no disability.   The burden of proving

which tasks are essential is on the employer, and thus, the Court should instruct the jury

accordingly.

Respectfully submitted,

/s/ John R. Ates_____
John R. Ates, Esquire (VSB # 71697)
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
(703) 647-7501 (telephone)
(703) 229-6430 (facsimile)
j.ates@ateslaw.com

John W. Griffin, Jr. (pro hac vice)
203 North Liberty Street
Victoria, Texas 77901
jwg@lawmgk.com
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

Katherine L. Butler (pro hac vice)
1007 Heights Boulevard
Houston, Texas 77008
kathy@butlerharris.com
(713) 526-5677
Fax: (888) 370-5038

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2013, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system to the following:

Kevin J. Mikolashek
Lauren A. Wetzler
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3809
Fax: (703) 299-3983
Email: kevin.mikolashek@usdoj.gov
Email: lauren.wetzler@usdoj.gov

Attorneys for Defendant

/s/ John R. Ates_____
John R. Ates (VSB #71697)
Ates Law Firm, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
703-647-7501 Telephone
703-229-6430 Fax
j.ates@ateslaw.com

9