IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUSTIN SLABY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12-cv-1235 (AJT/IDD) |
| ) | |
| ERIC HOLDER, ) | |
| In his official capacity as ) | |
| Attorney General of the United States, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER

Presently pending before the Court is Plaintiff's Motion in Limine (the "Motion") [Doc. No. 203], which seeks, *inter alia*, to limit the scope of the testimony to be given by certain defense witnesses, referred to as "the subject matter experts" who were involved in plaintiff's training program at the FBI Academy.[1] Specifically, plaintiff contends that these witnesses should not be permitted to testify as to any opinions that are based on their specialized knowledge, training or experience. The basis for this position is that the government did not formally designate any of them as trial experts under Rule 26 (a)(2)(A), and no expert reports were filed pursuant to Rule 26(a)(2)(C), even though "'these men claim to be experts in their fields because of their experience and knowledge about their particular field." Plaintiff's Supplemental Brief Regarding Motion in Limine [Doc. No. 249]. The witnesses whose testimony plaintiff seeks to limit are Special Agents Williams as to firearms, Wilson as to practical applications and Flanagan in the area of defensive tactics. All of these individuals observed and interacted with the plaintiff during his participation in the New Agent Training

---

[1] The trial in this case began on July 29, 2013. On August 1, 2013, plaintiff orally renewed its motion in limine and the Court heard additional argument.

Program at the FBI training academy ("NATP") and on that basis assessed his capabilities and performance. The plaintiff has deposed all three of these individuals.[2] Upon consideration of the Motion, the memorandum filed in support thereof and opposition thereto, Plaintiff's Supplemental Brief, the arguments of counsel, and for the reasons stated in this Order and in open court, the Motion will be DENIED.

The persons whom the government intends to call as witnesses will be testifying as fact witnesses concerning their past conduct and assessments during plaintiff's participation in the NATP. They were personally involved in plaintiff's training and can testify from personal knowledge concerning what they said, observed and thought at the time, and why. For this reason, the substance of that testimony is part and parcel of the events giving rise to plaintiff's claim, even though their testimony may reflect the witnesses' occupational knowledge and experiences then possessed by those witnesses. As direct participants in the underlying events giving rise to plaintiff's claim, any opinions they held at the time would be imbedded in historical fact, not in assessments made for the purposes of the litigation. As observed in one court decision referenced by the plaintiff, "a person with specialized training does not testify as an expert by giving first-hand participant testimony, even though it appears to be expert testimony." *Indemnity Insurance Company of North America v. American Eurocopter*, 227 F.R.D. 421, 424. (M.D.N.C. 2005), citing *Gomez v. Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003) ("[T]estimony would have been based on personal knowledge acquired before any litigation had begun. He was an actor with regard to the occurrences from which the tapestry of the lawsuit was woven, and the defendants sought to present his testimony on that basis.").

---

[2] In addition, Plaintiff has already called at trial Special Agent Williams and the plaintiff's objections to his testimony were ruled upon during that examination and the Motion is now moot as to SA Williams.

In any event, even if these witnesses' testimony should have been designated under Rule 26, the Court will not preclude their testimony on that basis. First, the plaintiff has not suffered any prejudice as a result of their not being designated formally pursuant to Rule 26 (a)(2)(A) since these individuals were deposed and the substance of their testimony discovered. Second, much of their testimony is already reflected in exhibits admitted without objection. *See, e.g.*, Gov. Ex. 32. The testimony of these witnesses will therefore simply explain further what is already in evidence.

Third, the nature of these witnesses' testimony is no different than the types of opinion testimony imbedded in much of the testimony the plaintiff has already elicited from other direct participants in this case without the type of expert disclosures plaintiff is now insisting on. For example, Dr. Yoder opined about the physical and medical evaluations performed on the plaintiff by others and plaintiff's abilities to perform the essential functions of an FBI agent. Special Agent Williams was asked about the need for non-dominant hand shooting in an operational, field environment, plaintiff's satisfactory performance of certain essential functions during the functional capacity examination and his "top-tier" performance in some areas during NATP. Plaintiff's counsel asked Special Agent Pierce to describe his many expert qualifications and then asked, based on his observations and interactions with the plaintiff, how he assessed plaintiff's capabilities and "professionalism" and whether the FBI's position concerning training rules and regulations "made any sense" or comports with the way training is handled at the Hostage Rescue Team. Special Agent Roberts was asked to opine on whether plaintiff's fitness review thoroughly assessed the essential functions for an FBI special agent. Plaintiff himself testified broadly as to his own assessments and opinions concerning the FBI's training requirements, and whether there was any reason that he was not qualified to be a special agent.

He described in detail his own specialized background and experiences and his opinions extended to whether certain requirements of the NATP related to essential functions, whether he would constitute a direct threat, his perceptions of what the trainers' statements and actions meant, whether it was necessary for the FBI to treat him as he claims it did, whether he was assessed properly, and generally whether his prosthetic would affect his effectiveness and abilities as an FBI special agent. If nothing else, the breadth and substance of his testimony and the testimony plaintiff elicited from other witnesses make the testimony plaintiff seeks to exclude admissible as appropriate rebuttal testimony. Any issues pertaining to the accuracy, reliability or basis in fact for any such testimony goes to its weight.

The central issue in this case is whether the plaintiff was qualified within the meaning of the Rehabilitation Act. That issue depends on what are the essential functions for an FBI special agent, whether the plaintiff can perform those functions with or without a reasonable accommodation, whether he constitutes a direct threat and whether the FBI sufficiently accommodated him. Without the kinds of expert disclosures the plaintiff seeks, the government is entitled to present evidence concerning what it considered at the time to be the essential functions of an FBI special agent and why, and to explain how and why it assessed plaintiff's performance and capabilities as it did during the NATP. For these reasons, it is hereby

ORDERED that the Motion [Doc. No. 203] be, and the same hereby is, DENIED insofar as it seeks to exclude testimony based on Fed. R. Civ. P. 26(a)(2)(A) and (C).

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J Trenga
United States District Judge

Alexandria, Virginia
August 5, 2013