IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUSTIN SLABY )<br>Plaintiff, )<br> )<br>v. )<br>ERIC HIMPTON HOLDER, JR. )<br>In his official capacity as Attorney General, )<br>Defendant. ) | Case No. 1:12-cv-01235 (AJT/IDD) |

**Plaintiff's Brief on Equitable Relief**

Plaintiff Justin Slaby files this brief to address the equitable relief he seeks and authority for it. Once a jury has found unlawful discrimination, as here, the role of the district court is to eradicate its effects. The Supreme Court teaches that the district court's responsibility is to place the victim in the position he would be in if the unlawful discrimination had never occurred. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975). When Congress established the remedy provision for employment discrimination, it gave district courts broad equitable discretion "to fashion the most complete relief possible" to eradicate the effects of unlawful discrimination. *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 763-64 (1976) (*citing* 118 Cong.Rec. 7166, 7168 (1972)). Equitable relief for violations of the Rehabilitation Act is governed by Title VII, 42 U.S.C. § 2000e–5(g). See 29 U.S.C. § 794a.

Congress armed courts with "full equitable powers." *Albermarle,* 422 U.S. at 418. And the Supreme Court found this grant of equitable power to be an "emphatic confirmation that federal courts are empowered to fashion such relief as the particular circumstances of a case may require to effect restitution." *Id.* at 764.

1

The starting point for review of equitable relief in the Fourth Circuit is the Supreme Court's "admonition" that the district court is obligated to grant "the most complete relief possible." *Spagnuolo v. Whirlpool Corp.*, 717 F.2d 114, 120 (4th Cir. 1983) (affirming, with modification, the trial court's reinstatement order) (*citing Franks*, 424 U.S. at 764). Here, the need for reinstatement is even clearer — there has never been a person with Slaby's disability to have graduated from the Training Academy and the jury found the FBI removed Slaby from the Training Academy on the basis of that disability. Slaby is the first with a prosthetic hand to enter the Training Academy, and there must be a first; denying reinstatement under this circumstance would turn the statute on its head, but that is what the FBI demands this Court do. Under its logic, so long as its trainers don't want to train a person with a prosthetic hand, reinstatement is precluded. The Court should not give any quarter to this end run around established law.

## Equitable Relief For This Plaintiff

The FBI removed Slaby as a Special Agent on the basis of his disability, despite the fact that he is qualified. In order to make him whole, several steps are necessary, including, but not limited to: (1) an award of back pay through the date of judgment; and (2) reinstatement as a Special Agent, appropriately monitored by Charles Pierce in order to insure a seamless and efficient training process. This Court ordered the parties to submit proposed findings and conclusions regarding equitable relief. (Dkt. 232). Plaintiff did so, but Defendant did not oppose any of the proposed relief, and failed to file any proposed findings or conclusions. Interest, as well as attorneys' fees and costs, are also part of the make whole relief and are addressed below.

1. **Back Pay**. The Supreme Court has established that a prevailing plaintiff under Title VII (and thus the ADA/Rehabilitation Act as well) is presumptively entitled to back

2

pay. *See Albemarle,* 422 U.S. at 421. Slaby thus is entitled to back pay from the date he was removed as a Special Agent (March 14, 2011) until the date of the judgment.

Slaby previously designated Dr. Amy McCarthy as an expert witness on the issue of damages he suffered when he was wrongly removed from the Training Academy. Dr. McCarthy will be in Court on Wednesday to testify under oath about back pay damages. The government has deposed her. Efforts to resolve this amount with the FBI have been unsuccessful to date.

2. **Reinstatement.** The appropriate method of addressing a prospective remedy requires an analysis of all the circumstances existing at the time of trial for the purpose of tailoring remedies that are "mostly likely to make the plaintiff whole." Money alone could never suffice to make the plaintiff whole. *Allen v. Autauga County Bd. of Educ.*, 685 F.2d 1302, 1306 (11th Cir. 1982).

Reinstatement is the "much preferred remedy" because it restores the proper status quo in a more effective and certain manner than front pay, which necessarily involves more speculation and more guesswork. *Duke v. Uniroyal Inc.*, 928 F.2d 1413. 1423-24 (4th Cir. 1991) ("the chances of a proper restoration are greater than by guessing, with an award of front pay, whether and for how long a plaintiff will work in the future").

Reinstatement is even more essential here, where the federal government is unlawfully barring the first with a prosthetic hand to enter the Training Academy from being trained. It is an illegal barrier that must be removed, and monitored. The historic purpose civil rights laws is to "secure complete justice," and justice cannot be complete unless Slaby is allowed to walk through the door that was closed unlawfully. *Albemarle* , 422 U.S. at 418-19 ("Where racial discrimination is concerned, 'the (district) court has not merely the power but the duty to render

a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.") (internal cites omitted). "[T]he general rule is, that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury." *Id.* (internal cites omitted).

"[L]ongstanding precedent" in the Fourth Circuit confirms that reinstatement is the default and preferred remedy. *Chester v. Wise County Electoral Bd.*, 117 F.3d 1413 (4th Cir. 1997) (unpublished)(affirming order of reinstatement); *Jannetta v. Cole*, 493 F.2d 1334 (4th Cir. 1974) (reversing the district court's refusal to order reinstatement); *McConnell v. Adams*, 829 F.2d 1319 (4th Cir. 1987) (affirming trial court's order of reinstatement). The Fourth Circuit recognizes that, "where there is no lawful basis for the discharge, the plaintiff is entitled to be restored to the position he occupied ... Thus the remedy for ... impermissible discharge from public employment is back pay and reinstatement." *Jannetta*, 4793 F.2d at 1337.

Reinstatement is a basic element of the appropriate remedy in wrongful discharge cases. *Allen v. Autauga County Bd. of Educ.*, 685 F.2d 1302, 1305 (11th Cir. 1982). So much so that, in nearly all appellate circuits, it is presumptively required absent "extraordinary" circumstances." *Id*; *see, e.g., Selgas v. Am. Airlines, Inc.*, 104 F.3d 9, 12 (1st Cir. 1997); *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 230 (2d Cir. 2006) (describing the "overarching preference in employment discrimination cases for reinstatement."); *Squires v. Bonser*, 54 F.3d 168, 172-73 (3d Cir. 1995) (reversing denial of reinstatement: "Reinstatement advances the policy goals of make-whole relief and deterrence in a way which money damages cannot."); *Prof'l Ass'n of Coll. Educators, TSTA/NEA v. El Paso County Cmty. Coll. Dist.*, 730 F.2d 258, 269 (5th Cir. 1984); *In re Lewis*, 845 F.2d 624, 630-31 (6th Cir. 1988) ("Federal courts have greatly limited the grounds

4

on which reinstatement may be denied."); *Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 674 (8th Cir. 1995) (affirming reinstatement order); *Blim v. W. Elec. Co., Inc.*, 731 F.2d 1473, 1479 (10th Cir. 1984) (reinstatement is the preferred remedy; trial court erred in granting front pay instead of reinstatement); *see also Price v. Marshall Erdman & Associates, Inc.*, 966 F.2d 320, 325 (7th Cir. 1992) (to deny reinstatement because of the employer's bias against the plaintiff's class "would reward the employer for the very attitudes that precipitated his violation of the law, by giving him a choice of remedies").

There is nothing to stand in the way of reinstatement in this case, and the FBI failed to oppose this remedy when Plaintiff complied with this Court's order by proposing it. (Dkt. 254) The jury's verdict has already found Slaby to be a "qualified individual" capable of performing the essential functions of the job without posing a direct threat to himself or others. (Dkt. 288). And Slaby is still working for the FBI and admittedly doing an excellent job in his support position at the Hostage Rescue Team. He also has clearly expressed his desire to be reinstated and to make a career as an FBI special agent. In fashioning an appropriate remedy, a court is bound by the jury's determination of the factual issues and "must not contravene the facts as found by the jury." *Med-Therapy Rehab. Services, Inc. v. Diversicare Corp. of America*, 16 F.3d 410, *3 (4th Cir. 1994) (unpublished) (reversing the trial court's equitable ruling because it contradicted the jury's findings; "Our ultimate purpose in reaching a result in the case, is to adhere fully to the jury's verdict.") (*citing In re Lewis* , 845 F.2d at 630).

3. **Injunctive Relief.** Reinstatement should be monitored and enforced by this Court's equitable powers. The Supreme Court has recognized that a district court " has not merely the power but the duty to render a decree which will so far as possible eliminate the

discriminatory effects of the past as well as bar like discrimination in the future." *Albemarle*, 422 U.S. at 418.  The responsibility of the district court to grant appropriate injunctive relief was explained by the Fourth Circuit as follows:

> The trial judge in a Title VII case bears a special responsibility in the public interest to resolve the employment dispute, for once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford a private relief to the employee.

*Thomas v. Washington County School Bd.*, 915 F.2d 922, 925 (4th Cir. 1990) (*quoting Hutching v. United States Industries, Inc.,* 428 F.2d 303, 313 (5th Cir. 1970)).

Here, the Court heard testimony that the FBI instructed its personnel not to identify or propose reasonable accommodations for Slaby.  That does not comport with the interactive process as required by the Rehabilitation Act.  There also was additional evidence of disability bias presented.

In the circumstances of this case, Court's broad power can be best utilized by an order requiring the FBI to engage in the interactive process with Slaby to identify reasonable accommodations, if any, and the appointment of a monitor to ensure a seamless and efficient reinstatement.  We next discuss the appointment of a monitor in more detail.

    4.    **Appointment of Monitor.** Congress' purpose in vesting a variety of "discretionary" powers in the courts was to make possible the "fashion(ing) (of) the most complete relief possible." *Albemarle,* 422 U.S. at 421. Because of the unique circumstances of this case, Slaby seeks a court-appointed monitor to make reinstatement an effective, rather than hollow, remedy.  The trial of this case highlighted how one very small part of the FBI, the

Training Division, exhibited disability bias toward Slaby. The Training Division assumed he was unsafe because of his prosthetic hand, yet others in the FBI evaluated him on his merit.

Slaby believes that the best way to accomplish the goal of an effective reinstatement is to shed some sunlight on the training academy process by having a highly skilled monitor in place to make certain that the training process ensures success rather than further disability discrimination and retaliation. The plaintiff proposes Charles Pierce, section chief of the Hostage Rescue Team, for this role and has received a commitment from Mr. Pierce that he would be willing to serve in that role. As this Court heard from numerous witnesses, including John Wilson, who is at the Training Division, Mr. Pierce is a highly respected supervisor on the Hostage Rescue Team, which is widely acknowledged as the most tactically sound group of agents of the FBI, a super SWAT team according to one witness. And Mr. Pierce is a highly regarded member of that team as well as a very experienced trainer and firearms instructor. Allowing a respected member of the HRT to serve as a liaison between the Court and the parties will ensure that the training process is seamless and efficient.[1]

5. **Prejudgment Interest**. The plaintiff asks that the Virginia statutory rate be used to calculate prejudgment interest. *EEOC v. Liggett & Myers, Inc.*, 690 F.2d 1072, 1074-75 (4th Cir. 1983); *Cooper v. Paychex, Inc.* 960 F. Supp. 966, 974-75 (E.D. Va. 1997).

6. **Attorneys' Fees and Costs**. The Rehabilitation Act provides that "[i]n any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the

---

[1] Slaby believes that the appointment of a person of Mr. Pierce's stature will ensure that this Court is consulted infrequently, if at all, about the reinstatement process. He believes that the parties and Mr. Pierce will be able to address the reinstatement process fairly and efficiently.

costs." 29 U.S.C. § 794a(b). The plaintiff asks that this Court enter a schedule for submission of attorneys' fees and costs, and proposes: Plaintiff files his motion or application relating to fees and costs by September 30, 2013; Defendant files any response thereto by October 31, 2013; and any reply brief shall be filed by November 18, 2013.

## Conclusion

For the reasons stated, the plaintiff, Justin Slaby, asks this Court to grant him equitable relief as outlined in this brief and as discussed at the August 14, 2013 hearing.

DATE:     August 13, 2013          Respectfully submitted,

By:    /s/
John R. Ates, Esq. (VSB # 71697)
Ates Law Firm. P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Phone: 703-647-7501
Fax:    703-229-6430
j.ates@ateslaw.com

John W. Griffin, Jr. (pro hac vice)
203 North Liberty Street
Victoria, Texas 77901
Jwg@lawmgk.com
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

Katherine L. Butler (pro hac vice)
1007 Heights Boulevard
Houston, Texas 77008
kathy@butlerharris.com
(713) 526-5677
Fax: (888) 370-5038

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2013, I filed the foregoing using the CM/ECF system which will send a notice of electronic filing through the Court's electronic filing system to the following:

Kevin J. Mikolasheck
Lauren A. Wetzler
Bernard Kim
Sosun Bae
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3809 Fax: (703) 299-3983
Email: kevin.mikolashek@usdoj.gov
Email: lauren.wetzler@usdoj.gov
Email: bernard.kim@usdoj.gov
Email: sosun.bae@usdoj.gov
Attorneys for Defendant

                ____/s/_____
                John R. Ates (VSB #71697)
                Ates Law Firm, P.C.
                1800 Diagonal Road
                Suite 600
                Alexandria, Virginia 22314
                703-647-7501 Telephone
                703-229-6430 Fax
                j.ates@ateslaw.com