IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUSTIN SLABY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12-cv-1235 (AJT/IDD) |
| ) | |
| ERIC HOLDER, ) | |
| In his official capacity as ) | |
| Attorney General of the United States, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on the defendant's Objection to Magistrate Judge's Order of July 18, 2013 [Doc. No. 248], which imposed sanctions on the defendant. Specifically, the magistrate judge: (1) ordered that the parties enter a stipulation of uncontested facts to be submitted to the jury during trial, subject to the district judge's ability to deny admission based on the Federal Rules of Evidence; and (2) awarded reasonable attorneys' fees and costs for the Plaintiff's Motion for Sanctions [Doc. No. 103], the Plaintiff's Reply [Doc. No. 108], the Plaintiff's Supplemental Brief [Dock. No. 182] and the plaintiff's attorneys' fees for appearing at the evidentiary hearing on June 12, 2013 and oral argument on the Motion for Sanctions on July 12, 2013. The defendant objects to both sanctions. For the reasons discussed below, the objections of the defendant are overruled and the order of the magistrate judge [Doc. No. 248] is affirmed in part and overruled in part.

Pursuant to the Federal Magistrate's Act, the parties may serve and file written objections to the magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(a). Where, as here, the imposition of sanctions does not dispose of a claim or

defense it is a nondispositive matter. *See Giganti v. Gen-X Strategies, Inc.,* 222 F.R.D. 299, 304 n. 9 (E.D. Va. 2004). For nondispositive matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Malibu Media, LLC v. John Does 1-23,* 878 F. Supp. 2d 628, 629 (E.D. Va. 2012). "Pursuant to the clearly erroneous standard of review, the magistrate judge's order must be affirmed unless after review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Giganti* 222 F.R.D. at 305. An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *DeFazio v. Wallis,* 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006). When the issue before the Court is to be decided as a matter of law, the Court reviews the magistrate judge's order *de novo. See Powershare, Inc. v. Syntel, Inc.,* 597 G.3d 10, 15 (1st Cir. 2010) ("[F]or questions of law, there is no practical difference between review under 72(a)'s 'contrary to law' standard and [a] *de novo* standard.").

On July 25, 2013, this Court entered an Order [Doc. No. 263] granting the Defendant's Motion in Limine to Exclude Evidence Relating to Allegedly Sanctionable Conduct [Doc. No. 201]. The July 25 Order concluded that the Stipulation of Facts, ordered by the magistrate judge, was inadmissible at trial under Federal Rules of Evidence 401 and 403. Accordingly, the defendant's objection to that portion of the magistrate judge's order is moot. With regard to the second sanction, the Court finds and concludes that the award of attorneys' fees and costs is neither clearly erroneous nor contrary to law. Accordingly, it is hereby

ORDERED that the Defendant's Objections to Magistrate Judge's Order of July 18, 2013 [Doc. No. 248] be, and the same hereby are, OVERRULED; and it is further

ORDERED that the plaintiff is awarded reasonable attorneys' fees and costs from the defendant for the Plaintiff's Motion for Sanctions [Doc. No. 103], the Plaintiff's Reply [Doc. No. 108], the Plaintiff's Supplemental Brief [Dock. No. 182] and the plaintiff's attorneys' fees for appearing at the evidentiary hearing on June 12, 2013 and oral argument on the Motion for Sanctions on July 12, 2013, the amount for which shall be determined in connection with plaintiff's fee petition, to be filed pursuant to 29 U.S.C. § 794a(b) and this Court's Order dated November 22, 2013 [Doc. No. 329].

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
November 22, 2013